# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLEARTHINK CAPITAL PARTNERS LLC,<br><br>   Plaintiff,<br><br>v.<br><br>AMERICAN BATTERY TECHNOLOGY CORP.,<br><br>   Defendant. | Case No. 3:25-CV-00435-ART-CLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>[ECF No. 8] |

Before the Court is Plaintiff ClearThink Capital Partners LLC's ("ClearThink") motion for leave to file a second amended complaint. (ECF No. 8.) For the reasons discussed below, the Court grants ClearThink's motion for leave to file an amended complaint.

## I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course no later than 21 days after serving it or 21 days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earliest. If a party has already amended its pleading once or the time period has expired, Rule 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap.*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

**II.   ANALYSIS**

In this case, ClearThink has already filed a First Amended Complaint ("FAC"). (ECF No. 6.) Thus, ClearThink is required to obtain leave of court before filing another amended complaint. Fed. R. Civ. P. 15(a).

The FAC is currently proceeding against Defendant American Battery Technology Corp. ("ABTC") and alleges two claims for breach of contract and one for unjust enrichment. (ECF No. 6.) The FAC alleges that the parties entered into an agreement whereby ClearThink agreed to purchase securities offered by ABTC. (*Id.* at 2.) The agreement concerned the purchase of 28 "Units," consisting of 35,714 shares of ABTC's common stock, 35,714 Series A Warrants to purchase ABTC's common stock at an exercise price of 80 cents per share and 35,714 Series B Warrants to purchase ABTC's common stock at an exercise price of 70 cents per share. (*Id.*)

The proposed Second Amended Complaint ("SAC") does not add claims or defendants. (ECF No. 8-1.) Rather, the proposed SAC updates descriptions and terms used in the complaint based on copies of the Warrants which were not provided to ClearThink, or their counsel, prior to the filing of the original complaint and FAC. (ECF No. 8 at 3.) The proposed SAC also includes the terms of the warrants and the warrants themselves are attached as exhibits. (*Id.* at 3-4.)

First, the Court notes that ABTC has not yet been served, and thus any prejudice to them would be very limited, if not nonexistent. The proposed SAC also does not alter the litigation's nature or require an entirely new course of defense. *Morongo Band of Mission Indians,* 893 F.2d at 1079. Without any prejudice to ABTC, there is a "*presumption*" under Rule 15(a) in favor of granting leave to amend. *Eminence Cap.*, 316 F.3d at 1052 (emphasis original).

Next, ClearThink represents that they did not file the motion for leave to amend until after the parties participated in a mediation attempt to conserve resources. (ECF No. 8 at 3.) ClearThink waited to file the motion to amend until after the parties failed to reach an agreement. (*Id.*) Thus, the Court finds there was no undue delay or bad faith in the timing of the motion to amend the complaint.

Additionally, the Court finds that the proposed amendment is not futile because it does not add any claims or defendants, but merely expounds upon previously asserted claims. There is thus nothing before the Court to rebut the presumption that leave to amend should be granted. *Eminence Cap.*, 316 F.3d at 1052.

Consequently, ClearThink's motion for leave to file an amended complaint is granted.

///
///
///
///
///

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that ClearThink's motion for leave to file an amended complaint, (ECF No. 8), is **GRANTED**.

**IT IS FURTHER ORDERED** that ClearThink shall file their proposed SAC.

**DATED**: November 17, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**