**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLEARTHINK CAPITAL PARTNERS LLC,<br>Plaintiff,<br>v.<br>AMERICAN BATTERY TECHNOLOGY CORPORATION,<br>Defendant. | Case No. 3:25-cv-00435-ART-CLB<br><br>**ORDER DENYING MOTION TO DISMISS** |

Plaintiff ClearThink Capital Partners LLC brought suit against Defendant American Battery Technology Corporation for breach of contract and unjust enrichment claims arising from two subscription agreements between the parties. Before the Court is Defendant's motion to dismiss the case. (ECF No. 15). As follows below, the Court DENIES Defendant's motion.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff alleges the following facts, which are taken as true for the purpose of the motion. In May and June 2023, Plaintiff entered into two subscription agreements for the purchase of "Units" containing Defendant's common stock, Series A Warrants, and Series B Warrants. (ECF No. 11 at 2–3). Both warrants allowed Plaintiff to purchase Defendant's common stock at a set exercise price. *Id.* The Series A Warrants were exercisable after issuance and expire on March 31, 2028, while the Series B Warrants were exercisable after issuance and expired on October 1, 2024. *Id.* at 3. Plaintiff made multiple requests to Defendant for the Series A and B Warrants to be issued. *Id.* While Defendant alleges that it issued the requested Series A and B Warrants on July 5, 2023, Plaintiff did not receive the warrants until August 19, 2025. *Id.*

Plaintiff brings three claims in their complaint. The first two claims arise under a breach of contract theory for the respective subscription agreements;

Plaintiff argues that Defendant failed and refused to issue the Series A Warrants until August 19, 2025, and the Series B Warrants until after they expired. *Id.* at 3–4. Plaintiff alleges that they could have (and would have) exercised the warrants for "significant profit" or resale value at the time of purchase, before any of the warrants expired, in comparison to the trading value at present. *Id.* Additionally, Plaintiff brings an unjust enrichment claim, arguing that Defendant received an improper benefit of the $825,000.00 purchase price for the subscription agreements, without timely delivering the requested warrants. *Id.* at 5. Plaintiff seeks compensatory and general damages, restitution of Plaintiff's purchase price and Defendant's profits generated from the purchase funds, and other interests and costs. *Id.* at 5–6.

After Plaintiff filed their Second Amended Complaint (ECF No. 11) in November 2025, Defendant moved to dismiss the following month (ECF No. 15). Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 11 at 1). Plaintiff responded to the motion (ECF No. 19) and Defendant replied (ECF No. 22).

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pleaded complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require "detailed factual allegations," it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To sufficiently allege a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Id.* (quoting *Twombly*, 550 U.S. at 570). In reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, "bare assertions" in a complaint amounting "to nothing more than a 'formulaic recitation of the elements'" of a claim are not entitled to an assumption of truth. *Id.* at 680–81 (quoting *Twombly*, 550 U.S. at 555). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## III. DISCUSSION

### a. Breach of Contract Claims

Plaintiff has plausibly pled their breach of contract claims to survive a motion to dismiss. Under Nevada law, a breach of contract claim requires: "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Lucky Lucy D LLC v. LGS Casino LLC*, 139 Nev. 240, 243, 534 P.3d 689, 691 (2023) (internal citation omitted). Plaintiff alleges that they entered into two contracts with Defendant by paying a total of $825,000.00 in exchange for "Units" of common stock and warrants under the express terms of the two subscription agreements. (ECF No. 11). Plaintiff alleges that Defendant breached the contracts by "failing and refusing" to issue the Series A Warrants until August 19, 2025 and the Series B Warrants until after their expiration. *Id.* at 4–5. Lastly, Plaintiff pleads that they suffered harm, because they "could have and would have exercised" the warrants in May and June 2023 for "significant profit" or resale to a third party. *Id.* at 3–4. Plaintiff's claims turn on the factual questions of whether and when Defendant issued the Series A and B Warrants. Because the Court accepts Plaintiff's allegations to be true, *see Iqbal*, 556 U.S. at 678, the Court denies Defendant's motion to dismiss the breach of contract claims under Rule 12(b)(6). Plaintiff has plausibly pled the elements of their breach of contract claims.

The Court rejects Defendant's arguments that the incorporation-by-reference doctrine applies to its analysis of the motion to dismiss. With limited exceptions, "generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Defendant points to the incorporation-by-reference doctrine as an exception to this general rule that would permit the Court to consider its communications with Plaintiff regarding their purported issuance of warrants on July 5, 2023. (ECF No. 15 at 4–5). Under the incorporation-by-reference doctrine, a court may consider materials outside of the complaint if they are "incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). When "the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question" and relevance is not disputed, the Ninth Circuit has upheld the application of the doctrine. *Id.*

Plaintiff does not refer to any email communications with Defendant on July 5, 2023 in their complaint, nor do Plaintiff's allegations "necessarily" rely upon these communications. As addressed above, Plaintiff's breach of contract claims are sufficient to survive a motion to dismiss—their allegations, when taken as true, do not depend on the July 5, 2023 communications. Furthermore, Plaintiff disputes the authenticity of the document. (ECF No. 19 at 4). Defendant's reliance on the incorporation-by-reference doctrine with respect to the July 5, 2023 communications is thus misplaced.

**b. Unjust Enrichment Claim**

Plaintiff has plausibly pled their unjust enrichment claim. Defendant raises two arguments in favor of the dismissal of this claim under Rule 12(b)(6). First, Defendant argues that Plaintiff's unjust enrichment claim should be dismissed because it is equitable relief by quasi-contract that is barred by the existence of an express contractual agreement. (ECF No. 15 at 7–8) (citing *Lipshie v. Tracy*

*Inv. Co.*, 93 Nev. 370, 379, 566 P.2d 819, 824 (1977), *Leasepartners Corp. v. Robert L. Brooks Tr.*, 113 Nev. 747, 942 P.2d 182, 187 (1997)). As Defendant's argument goes, if Plaintiff alleges that the two subscription agreements are valid contracts, then it cannot bring forth a simultaneous unjust enrichment claim. *Id.* Additionally, Defendant argues that Plaintiff's claim is still subject to dismissal even if this equitable relief is available, because Plaintiff received the benefit of their bargain under Defendant's proper performance. *Id.*

Plaintiff may plead simultaneous breach of contract and unjust enrichment claims. A party may plead "statements of a claim or defense alternatively or hypothetically." FED. R. CIV. P. 8(d)(2). These "separate claims or defenses" can be raised, "regardless of consistency." FED. R. CIV. P. 8(d)(3). Defendant is correct that Plaintiff's remedy may be ultimately limited by the existence of a valid contract. (ECF No. 15 at 8), *see Leasepartners Corp.*, 942 P.2d at 187 ("An action based on a theory of unjust enrichment is not available when there is an express, written contract."). At the motion to dismiss phase, however, Plaintiff may still plead inconsistent claims under Rule 8(d). *See George v. Morton*, 2007 WL 680788 at *9 (D. Nev. 2007) (denying motion to dismiss unjust enrichment claim brought alongside contract claim, because plaintiff's "full and adequate remedy at law has no bearing on a plaintiff's right to plead in the alternative."). Plaintiff's complaint does not squarely address if the unjust enrichment claim is raised in the alternative. (*See* ECF No. 11). The Court construes Plaintiff's breach of contract claims and unjust enrichment claim to be claims in the alternative, should a valid contract not exist between the parties. The Court will not dismiss Plaintiff's claims on the grounds of inconsistent relief requested at this stage of litigation.

Plaintiff successfully pled their unjust enrichment claim to survive a motion to dismiss. Unjust enrichment occurs under Nevada state law when "the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit

under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nevada Sys. of Higher Educ.*, 137 Nev. 378, 381, 492 P.3d 540, 543 (2021) (internal citation omitted). Plaintiff had alleged sufficient facts to bring forth "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff alleges that they conferred a benefit on Defendant through the payment of $825,000.00 in cash under the two subscription agreements. (ECF No. 11 at 5). Upon "information and belief," Plaintiff also claims that Defendant "used that cash to fund its operations and generate revenue and profits." *Id.* Plaintiff argues that it would be "inequitable" for Defendant to retain this payment, given that Defendant failed and refused to issue the Series A and B Warrants in a timely manner. *Id.* Accepting Plaintiff's allegations as true for the purposes of this motion, the Court finds that Plaintiff has alleged a plausible claim of unjust enrichment.

## IV. CONCLUSION

It is therefore ordered that Defendant's motion to dismiss (ECF No. 15) is DENIED.

DATED THIS 11th day of September.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE